IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BARBARA A. ADAMS, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-723-B-BN |
| | § | |
| U.S. BANK, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 28.

Defendant Guild Mortgage Company ("Guild") has filed a Motion to Dismiss. *See* Dkt. No. 5.

Plaintiff Barbara Adams filed a response, *see* Dkt. No. 13, and Guild filed a reply, *see* Dkt. No. 21.

For the reasons and to the extent explained below, the Court should grant Defendant Guild Mortgage Company's Motion to Dismiss [Dkt. No. 5].

**Background**

On or about October 4, 2012, Ms. Adams purchased a home in Desoto, Texas (the "Property"). She signed a promissory note (the "Note") to finance the purchase. And she secured the Note through a Deed of Trust pledging her interest in the Property as

security (the "Deed of Trust").

Guild initially held the Note and Deed of Trust (collectively, the "Loan"). But Guild would later either assign the Note and Deed of Trust to U.S. Bank or selected U.S. Bank as the mortgage servicer. *See* Dkt. No. 1-5 at 9. Guild contends that it assigned the Loan to U.S. Bank on October 24, 2012.

Ms. Adams filed this lawsuit against Guild and the other defendants on August 1, 2016 and served the corresponding citation on February 3, 2017.

She contends that Guild breached a fiduciary duty that it owed to her either by assigning the Loan to U.S. Bank or selecting it as the mortgage servicer because Guild had "knowledge of the pattern and practice of [U.S. Bank's] disregard of applicable law in the servicing of mortgage loans, and should not have attempted to assign ownership and/or servicing of the Loan to [U.S. Bank], thus jeopardizing Plaintiff's ownership and use of the Property." *Id.*

On this basis – as well as the other allegations that she proffers against other defendants – she seeks injunctive relief to preclude the foreclosure sale of the Property, monetary damages, and other forms of relief.

Guild contends that Ms. Adams's claim against it should be dismissed on two independent grounds. It contends that it assigned its interest in the Property to U.S. Bank on October 24, 2012, that the statute of limitations gave Ms. Adams four years to bring this suit, and that she failed to do so by failing to serve the corresponding citation by that date. It also contends that Ms. Adams has failed to establish that Guild owes her a fiduciary duty.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory

statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. June 25, 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint

and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion" – although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and

-5-

appropriate notice given to the parties." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. Dec. 12, 2016). The Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Id.* (internal quotation marks and citations omitted).

District courts within the Fifth Circuit have divided as to whether a fair-notice standard continues to apply to pleading affirmative defenses or whether *Twombly* and *Iqbal*'s plausibility standard applies, and the "Fifth Circuit has not addressed this issue." *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 484 (S.D. Tex. 2012). But, whatever may be the standard for pleading an affirmative defense under Federal Rule of Civil Procedure 8(b), the *Twombly* and *Iqbal* plausibility standard applies to pleading any "claim for relief" under Rule 8(a)'s requirements – whether as a plaintiff's claim or a defendant's counterclaim. *See* FED. R. CIV. P. 8(a); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1205 (3d ed. 2013) ("Rule 8(a) applies not only to an original claim contained in a complaint, but also to a pleading containing a claim for relief that takes the form of a counterclaim, cross-claim, or third-party claim."); *see generally Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576-77 (5th Cir. 1996) (affirming a Rule 12(b)(6) dismissal of a counterclaim).

**Analysis**

Guild argues that Ms. Adams's claim against it for breach of fiduciary duty should be dismissed because (1) Ms. Adams is barred from bringing this claim by the statute of limitations and (2) she fails to state a claim for breach of fiduciary duty.

I. Ms. Adams's claim for breach of fiduciary duty claim against Guild should not be dismissed based on the alleged statute of limitations violation.

Guild argues that Ms. Adams cannot bring her claim for breach of fiduciary duty because she has violated the statute of limitations.

Section 16.004 of the Texas Civil Practice and Remedies Code provides a person must bring suit for breach of fiduciary duty no later than four years after the day the cause of action accrues. "The purpose of the statute of limitations is not only to encourage a plaintiff to prosecute her claims within a certain period of time but to give the defendant a timely notice to prepare a defense and to preserve evidence before the lapse of time has rendered this process difficult if not impossible." *Broom v. MacMaster*, 992 S.W.2d 659, 664 (Tex. App. – Dallas 1999, no pet.). The notice to the defendant within the statutory period is an important goal of the statute of limitations. The courts look to whether the plaintiff at the time the suit was filed demonstrated a "bona fide intention" to have process issued and served. *Id*.

Although due diligence is generally a fact question, it is frequently determined to be lacking as a matter of law if no excuse is offered for a delay in procuring service of citation, or if delay is coupled with plaintiff's inaction then diligence is negated. *See Harrell v. Alvarez,* 46 S.W.3d 483, 486 (Tex. App. – El Paso 2001, no pet.). A showing of speedy service of citation, without any unexplained lapses of time, may establish diligence as a matter of law. *See Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex. 1990). When a plaintiff files suit within the limitations period but does not serve the Defendant until the statute of limitations has passed, the date of service relates back

to the date of filing only if the Plaintiff exercises due diligence in effecting service. *See Broom,* 992 S.W.2d at 664.

A defendant relying on the affirmative defense of limitations has the burden of establishing that defense. *See Harrell*, 46 S.W.3d at 486. Defendants are required to show that they were not served until after the four-year statute of limitations had run. The burden then shifts to the plaintiff to show that he or she used due diligence in effectuating service. *See id.* If no excuse is offered for a delay in procuring service of citation, diligence may be determined to be lacking. *See id.*

Guild appears to contend that Ms. Adams's breach of fiduciary duty claim accrued on October 24, 2012 – the day that it purports to have assigned the Property to U.S. Bank – and that the statute of limitations therefore ran four years after, on October 23, 2016. *See* Dkt. No. 5 at 6. Based on these dates, it concludes that the statute of limitations bars Ms. Adams from bringing this claim. It notes that Ms. Adams may have initiated this lawsuit before October 23, 2016 but did not issue it a citation until months after this date. *See id.*

The undersigned agrees that – if what Guild says is true – Ms. Adams might be barred from bringing this claim. Ms. Adams has not proffered any explanation as to why she waited several months to serve Guild the citation. And, as noted, courts often find that the statute of limitations bars a plaintiff's claim where she has no excuse for serving the citation after the limitations period. *See Harrell*, 46 S.W.3d at 486.

But the undersigned cannot recommend granting Guild's motion to dismiss on this ground. On a motion to dismiss, the Court is limited to facts as Ms. Adams pleads

them, *see Spivey*, 197 F.3d at 774, and is to construe those facts in the light most favorable to her as the non-moving party, *see In re Katrina Canal Breaches Litig.*, 495 F.3d at 205-06. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Ms. Adams has not pleaded any facts that would allow the Court to conclude either that Guild assigned its interest in the Property to U.S. Bank on October 24, 2012 or that the statute of limitations ran on October 23, 2016 as a result. In her State Court Petition, Ms. Adams, in fact, appears unsure of whether Guild ever assigned U.S. Bank its interest in the Property. *See* Dkt. No. 1, Ex. E at 9-10 (pleading that Guild has breached a fiduciary duty if it selected U.S. Bank as a loan servicer or if it assigned the Note to U.S. Bank entirely). Accordingly, there is no basis to grant dismissal on this basis under Rule 12(b)(6).

II. Ms. Adams's claim for breach of fiduciary duty should be dismissed for failure to state a claim.

The Court should nevertheless grant Guild's motion to dismiss because Ms. Adams fails to state a claim for breach of fiduciary duty.

Ms. Adams alleges that Guild breached its fiduciary duty by either assigning the Note and Deed of Trust to U.S. Bank or selecting U.S. Bank as its loan servicer even though Guild was "charged with knowledge of the pattern and practice of [U.S. Bank's] disregard of applicable law in the servicing of mortgage loans." Dkt. No. 1-5 at 10.

In Texas, the elements for a claim of breach of fiduciary duty are: (1) a fiduciary relationship between Plaintiff and defendant (2) a breach by Defendant of his fiduciary duty to Plaintiff, and (3) an injury to Plaintiff or a benefit to Defendant as a result of the breach. *See Anderton v. Cawley*, 378 S.W.3d 38,51 (Tex. App.- Dallas 2012, no pet.).

Ms. Adams fails to state a claim here because she has failed to establish the first element – that she and Guild are in a fiduciary relationship. *Gergan v. Kelly*, 355 S.W.3d 223, 227 (Tex. App. – Houston [1st Dist.] 2011, no pet.).

Texas recognizes two types of fiduciary relationships. *See id*. "The first is a formal fiduciary relationship," such as "the relationship of an attorney-client, principal-agent, or trustee-beneficiary relationship." *Id*. The second is an informal fiduciary relationship – that is, a confidential relationship "where one person trusts and relies on another, whether the relation is a moral, social, domestic or purely personal one."*Id*. The Texas Supreme Court has recognized that "confidential relationships may arise not only from the technical fiduciary relationships such as attorney-client, trustee-cestui que trust, partner and partner, etc. – which as a matter of law are relationships of trust and confidence – but may arise informally from moral, social, domestic or purely personal relationships." *Thigpen v. Locke*, 363 S.W.2d 247, 253 (1962). "The existence of the fiduciary relationship is to be determined for the actualities of the relationship between the parties involved." *Id*.

Texas courts have consistently held that the mortgagor-mortgagee relationship is not a special relationship that generally gives rise to a fiduciary duty. *See Lovell v. W. Nat. Life Ins. Co.,* 754 S.W.2d 298 (Tex. App. – Amarillo 1988, writ denied); *accord*

*Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990) ("The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith.") (citing *English v. Fischer*, 660 S.W.2d 621, 622 (Tex. 1983)). The same is also true of a loan servicer and mortgagee. *See Williams v. Fed. Nat. Mortg. Ass'n*, No. 2:11-cv-157-J, 2012 WL 443986 at *3 (N.D. Tex. Feb. 13, 2012) (citing *Hinton v. Federal Nat. 7 Mortg. Ass'n*, 945 F. Supp. 1052, 1060 (S.D. Tex. 1996), *aff'd* 137 F.3d 1150 (5th Cir. 1998)). These courts reason that, "'[g]enerally, the relationship between a borrower and a lender [or loan servicer] is an arm's length business relationship in which both parties are looking out for their own interests.'" *Id.* (quoting *McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 36 (Tex. Civ. App. – Houston [14th Dist.] 2005, pet. denied).

Ms. Adams appears to ask the Court to disregard the above cases in light of a case in which "a court found that it was reasonable for the trier of fact to find that a duty of good faith and fair dealing, and even a fiduciary relationship, between a loan broker and a loan borrower." *See* Dkt. No. 13 at 4 (referring to *Kelly v. Gaines*, 181 S.W.3d 394, 413-15 (Tex. Civ. App. – Waco 2005), *rev'd on other grounds*, 235 S.W.3d 179 (Tex. 2007)).

But *Kelly v. Gaines*, the case on which Ms. Adam relies, is easily distinguishable. In *Kelly*, the Court found that a jury could find that a fiduciary relationship between the parties existed in light of an agreement in which the defendant agreed to act as the plaintiff's agent in securing a loan. And, as the *Kelly* court explains, "[a] principal-agent relationship constitutes a fiduciary relationship as a matter of law." *Kelly*, 181

-11-

S.W.3d at 414 (citing cases). In contrast, a mortgage lender or servicer's relationship to a mortgagee is generally "'an arm's length business relationship.'" *Williams*, 2012 WL 443986 at *3 (quoting *McKinney Ltd.*, 192 S.W.3d at 36).

Courts have therefore only entertained the notion that a mortgage lender or service might owe a mortgagee a fiduciary duty where its relationship to the mortgagee was such that the mortgagee could reasonably expect the lender or service to act in his or her best interest. *See Gergan*, 355 S.W.3d at 228 (requiring proof that special relationship was created, therefore causing Plaintiff to be guided by the judgment or advice of another). "'[A] person is justified in placing confidence in the belief that another will act in his or her best interest only where he or she is accustomed to being guided by the judgment or advice of the other party, and there exists a long association in a business relationship as well as personal friendship.'" *Id.* (quoting *Hoggett v. Brown*, 971 S.W.2d 472, 488 (Tex. App. – Houston [14th Dist.] 1997, pet. denied)). The parties' special relationship must also have existed prior to and apart from the agreement in the suit. *See id.* at 229.

Ms. Adams alleges that Guild breached a fiduciary duty to her by either assigning the Loan to U.S. Bank or selecting it as the mortgage service even though it knew of U.S. Bank's alleged issue with complying with the law. But she fails to provide any explanation in her complaint or in her brief as to why she was "justified in placing confidence in the belief that" Guild would act in her best interest in the first place. She has not suggested that she had some long-standing relationship with Guild – separate from its relationship to the Property. *Compare Lee v. Hasson*, 286 S.W.3d

1, 15 (Tex. App. – Houston 2007, pet. denied) ("Hasson and Lee shared a long-standing business relationship and a close personal family relationship well beyond casual friendship" and where "Lee relied on Hasson for moral, financial, and personal guidance or support. Moreover, their relationship began in 1993 and therefore predated their agreements by approximately six years."); *Flanary v. Mills*, 150 S.W.3d 785, 794 (Tex. App. – Austin 2004, pet. denied) (finding that a fiduciary relationship existed where the parties were related and had a long-standing working relationship).

Nor is there any other indication in her pleadings that Ms. Adams had some objective reason to believe that she would be justified in placing her confidence in Guild or its employees to act in her best interest. The State Court Petition, at most, suggests that Ms. Adams may have had some subjective, unspecified belief that she could trust Guild. But Plaintiff's "subjective trust and feelings of trust and confidence [are] not ... enough to create a fiduciary relationship." *Gergan* 355 S.W.3d at 229.

Ms. Adams's claim for breach of fiduciary duty should be dismissed. But – because it is not yet clear that Ms. Adams has pleaded her best case – the dismissal should be without prejudice.

## Recommendation

For the reasons stated herein, the Court should grant Defendant Guild Mortgage Company's Motion to Dismiss [Dkt. No. 5] and dismiss Plaintiff Barbara Adams's claim against Defendant Guild Mortgage Company for breach of fiduciary duty without prejudice. The Court should grant Ms. Adams 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an

amended complaint consistent with this recommendation and the conclusions and findings above and should order that, if she fails to do so, her claim against Defendant Guild Mortgage Company for breach of fiduciary duty will be dismissed with prejudice without further notice.

A copy of these findings , conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, expect upon gourds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415,1417 (5th Cir. 1996).

Dated: September 1, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE