# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA A. ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-723-B-BN |
| | § | |
| U.S. BANK, N.A. and | § | |
| GUILD MORTGAGE CO., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 28.

Defendant U.S. Bank National Association ("U.S. Bank") has filed a Motion to Dismiss. *See* Dkt. No. 34.

Plaintiff Barbara Adams has not filed a response, and her time to do so has expired. *See* Dkt. No. 36.

For the reasons and to the extent explained below, the Court should grant Defendant U.S. Bank's Motion to Dismiss [Dkt. No. 34].

## Background

On or about October 4, 2012, Ms. Adams purchased a home in Desoto, Texas (the "Property"). She signed a promissory note (the "Note") to finance the purchase. And she secured the Note through a Deed of Trust pledging her interest in the Property as

security (the "Deed of Trust").

Guild Mortgage Company ("Guild") initially held the Note and Deed of Trust (collectively, the "Loan"). But Guild either assigned the Loan to U.S. Bank or selected U.S. Bank as the mortgage servicer. *See* Dkt. No. 42 ¶ 44.

Ms. Adams filed this lawsuit against U.S. Bank and the other defendants on August 1, 2016 and served the corresponding citation on February 10, 2017.

In her State Court Petition ("Petition"), Ms. Adams contends that U.S. Bank violated the Texas Property Code ("Property Code"), violated the Texas Debt Collection Act ("TDCA"), and breached the Deed of Trust contract.

Based on Ms. Adams's Petition, Defendants U.S. Bank and Guild filed separate motions to dismiss. *See* Dkts. No. 5 & 34. While U.S. Bank's motion remained pending, Guild's was granted without prejudice, and the Court allowed Ms. Adams to replead only her claim against Guild. *See* Dkt. No. 39.

On November 1, 2017, Ms. Adams filed her First Amended Complaint, which restates almost verbatim her original claims against U.S. Bank. *See* Dkt. No. 42. U.S. Bank promptly filed its Notice that Amended Complaint Does Not Moot Motion to Dismiss and Request for Ruling on Motion to Dismiss, asking the Court to treat Ms. Adams's Amended Complaint as a supplemental complaint under Federal Rule of Civil Procedure 15(d) that amends and supersedes only the breach of fiduciary duty claim asserted against Guild in the original Petition. *See* Dkt. No. 43 at 2.

That request is well-taken, and the undersigned will treat U.S. Bank's motion before the Court as a motion to dismiss Ms. Adams's claims against U.S. Bank as they

are stated in her Amended Complaint insofar as they are identical to her original claims.

In her Amended Complaint, Ms. Adams first contends that U.S. Bank violated the Property Code because it failed to issue all required notices and because, for the notices that U.S. Bank did issue, it lacked capacity to issue the notices because there was no recorded assignment of the Loan to U.S. Bank.

Second, Ms. Adams alleges that U.S. Bank violated the TDCA when it (1) threatened to foreclose despite, having violated the Property Code, being prohibited from doing so; (2) demanded payment from Ms. Adams over what the Loan permitted; (3) threatened to deprive Ms. Adams of the Property by attempting foreclosure; and (4) used deceptive practices and made misrepresentations to Ms. Adams in servicing the Loan.

Third, Ms. Adams maintains that U.S. Bank's alleged statutory violations above constitute a breach of the Deed of Trust contract.

On these bases – as well as the other allegations that she proffers against other defendants – Ms. Adams seeks injunctive relief to preclude the foreclosure sale of the Property, monetary damages, and other forms of relief.

In its Motion to Dismiss, U.S. Bank contends that all of Ms. Adams's claims against it should be dismissed.

As to Ms. Adams's Property Code claims, U.S. Bank argues that an interest in the Property was assigned to U.S. Bank (the "Assignment") and publicly recorded and that the Property Code provision on which Ms. Adams bases her claims does not

provide a private right of action.

As to Ms. Adams's TDCA claims, U.S. Bank alleges that Ms. Adams's Amended Complaint states insufficient facts to properly plead her claims and that, because Ms. Adams is still in possession of the Property, she has failed to adequately plead damages.

U.S. Bank argues that Ms. Adams's breach of contract claim fails because (1) Ms. Adams was in prior, material breach by defaulting on the Loan; (2) U.S. Bank did not violate the Property Code in violation of the Deed of Trust; and (3) Ms. Adams has not adequately alleged that she suffered damages caused by U.S. Bank's alleged breach.

And U.S. Bank asserts that, because Ms. Adams's underlying Property Code, TDCA, and breach of contract claims fail, Ms. Adams cannot maintain her requests for declaratory and injunctive relief.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true,

raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex.

2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion" – although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. Dec. 12, 2016). The Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Id.* (internal quotation marks and citations omitted).

## Analysis

U.S. Bank argues that all of Ms. Adams's claims against it should be dismissed. For the reasons explained below, the undersigned concludes that Ms. Adams has failed

to state a claim under the Property Code, under the TDCA, for breach of contract, and for declaratory and injunctive relief and that Ms. Adams's claims against U.S. Bank should be dismissed.

I.   Ms. Adams's Property Code claims against U.S. Bank should be dismissed because Section 51.002 does not provide a private right of action.

U.S. Bank argues that Ms. Adams cannot state a claim under Section 51.002 because that section does not provide a provide right of action. The undersigned agrees and concludes that Ms. Adams's Property Code claims against U.S. Bank fail as a matter of law and should be dismissed.

Texas Property Code § 51.002(b) provides that, where the holder of a deed of trust seeks to sell real property, "notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale." TEX. PROP. CODE § 51.002(b). And, under Section 51.002(d), "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust ... on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust ... and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b)." *Id.* § 51.002(d).

Ms. Adams alleges that U.S. Bank violated Section 51.002(b) by issuing notices that it lacked capacity to give and that U.S. Bank violated Section 51.002(d) by failing to give, and lacking capacity to give, notice that Ms. Adams was in default before U.S. Bank accelerated the Loan and attempted to sell the Property.

But, as U.S. Bank points out in its Motion to Dismiss, many courts have held that Section 51.002 does not provide for a private right of action. *See Nelson v. Wells Fargo Bank, N.A.*, No. 4:17-cv-298-A, 2017 WL 3405525, at *2 (N.D. Tex. Aug. 7, 2017) (citing *Palomino v. Wells Fargo Bank, N.A.*, No. 6:15-cv-00375-RWS-KNM, 2017 WL 989300, at *3 (E.D. Tex. Feb. 17, 2017)); *Carey v. Fargo*, No. H-15-1666, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016); *Ashton v. BAC Home Loan Servicing, L.P.*, No. 4:13-cv-810, 2013 WL 3807756, at *4 (S.D. Tex. Jul. 19, 2013) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism."). *But cf. Lyons v. Am.'s Wholesale Lender*, No. 3:13-cv-2608-B, 2014 WL 5460453, at *8 (N.D. Tex. Oct. 28, 2014) (denying defendants' motion for summary judgment where they "fail[ed] to provide competent evidence demonstrating that they sent Plaintiff notices of default and sale by certified mail in compliance with Section 51.002 of the Texas Property Code").

Courts have instead construed Section 51.002 claims as claims for wrongful foreclosure. *See Nelson*, 2017 WL 3405525, at *2 (citing *Carey*, 2016 WL 4246997, at *3); *Palomino*, 2017 WL 989300, at *3; *cf. Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 932 (N.D. Tex. 2014) ("It is apparent that no foreclosure sale had occurred at the time this suit was brought. Accordingly, Plaintiff[']s claim under Chapter 51 of the Texas Property Code for what could only be wrongful foreclosure should be dismissed."). "Ordinarily, Texas recognizes the following elements of a

wrongful foreclosure claim: '(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.'" *Foster v. Deutsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008)).

U.S. Bank asserts that Ms. Adams cannot succeed on a wrongful foreclosure claim because no foreclosure sale occurred and Texas law does not recognize an action for attempted wrongful foreclosure. The undersigned agrees, and concludes that because no foreclosure sale has occurred, Ms. Adams's Section 51.002 claims, construed as a wrongful foreclosure claim, fail as a matter of law.

The United States Court of Appeals for the Fifth Circuit "ha[s] noted ... that a party cannot 'state a viable claim for wrongful foreclosure' if the party 'never lost possession of the Property.'" *Foster*, 848 F.3d at 406 (quoting *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446 (5th Cir. 2013) (unpublished) (citing *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007-08 (S.D. Tex. 2011) ("[B]ecause recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure. As such, courts in Texas do not recognize an action for attempted wrongful foreclosure.")).

Here, Ms. Adams has not pleaded any facts indicating that the property was sold at a foreclosure sale. Ms. Adams obtained a temporary restraining order precluding U.S. Bank's planned August 2, 2016 sale, *see* Dkt. No. 1-8, and she seeks an injunction

preventing U.S. Bank from future attempted sales, *see* Dkt. No. 42 ¶ 58. But because no foreclosure sale has occurred to date, Ms. Adams cannot assert a cause of action for wrongful foreclosure.

The undersigned notes that, even if here, the Court recognizes a private cause of action under Section 51.002, courts that have permitted private plaintiffs to bring Section 51.002 claims have dismissed those claims where no foreclosure sale has occurred, like in this case. *See Garcia v. Bank of Am., N.A.*, No. 4:14-cv-2160, 2015 WL 12808271, at *4 (S.D. Tex. Mar. 23, 2015)("[Plaintiff] has not alleged a violation of the Texas Property Code because no foreclosure has occurred."); *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 454 (E.D. Tex. 2011) ("Absent a sale, Plaintiff cannot state a claim under [Section 51.002] of the Property Code.").

Because Section 51.002 does not provide a private right of action and because no foreclosure sale has occurred, the undersigned concludes that Ms. Adams has failed to state a claim under Texas Property Code §§ 51.002(b) and (d) or for wrongful foreclosure. Ms. Adams's Section 51.002(b) and (d) claims should be dismissed with prejudice.

II.  Ms. Adams's breach of contract claims should be dismissed because Ms. Adams was in prior material breach and Ms. Adams fails to adequately plead damages.

Ms. Adams claims that U.S. Bank breached the Deed of Trust because, by allegedly violating the Property Code, U.S. Bank breached the express terms of the Deed of Trust contract.

To succeed on a breach of contract claim under Texas law, a plaintiff must show

"(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003); *see also Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012).

U.S. Bank maintains that Ms. Adams has not pleaded facts to satisfy the performance, breach, and damages elements of her breach of contract claim because (1) Ms. Adams was in prior material breach because she defaulted on the Loan; (2) U.S. Bank had capacity to issue the notices required by the Property Code; and (3) Ms. Adams fails to adequately plead damages.

The undersigned disagrees with U.S. Bank's second position that, because U.S. Bank had capacity to issue the notices required by the Property Code, it did not breach the Property Code and, therefore, did not breach the Deed of Trust. U.S. Bank argues that Ms. Adams has not alleged sufficient facts to establish a breach based on U.S. Bank's lack of capacity to issue the notices required by the Property Code because (1) U.S. Bank is the mortgagee of record and authorized to enforce the Loan; and (2) Ms. Adams acknowledged that U.S. Bank was the mortgagee when she executed a Loan Modification Agreement.

But U.S. Bank does not address Ms. Adams alternative assertion that, even if it had capacity to issue such notices, U.S. Bank failed to issue – with or without the capacity to do so – a timely notice of default to Ms. Adams under Section 51.002(d). *See* Dkt. No.42 ¶32.

Regardless of whether Ms. Adams has adequately pleaded a breach based on U.S. Bank's alleged Property Code violations, the undersigned concludes that Ms. Adams fails to state a claim for breach of contract because Ms. Adams has pleaded insufficient facts to establish the performance and damages elements of her claim.

First, Ms. Adams has not alleged sufficient facts to establish her own performance or tendered performance. Although a plaintiff's "nonperformance of a contract will be excused when that party's performance is prevented by the other party," *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 747 (E.D. Tex. 2013), here, Ms. Adams does not dispute that she defaulted on the Loan and has not alleged that U.S. Bank prevented her from meeting her own contractual obligations. Ms. Adams's delinquence in satisfying her part of the bargain precludes her breach of contract claim as a matter of law.

Second, even if Ms. Adams established the performance element of her claim, Ms. Adams has not pleaded any facts that would allow the Court to conclude that she suffered damages as a result of U.S. Bank's alleged breach of contract. Ms. Adams alleges that, as a result of U.S. Bank's breach, "Plaintiff has incurred actual damages by having title to, and possession, use and enjoyment of the Property jeopardized." Dkt. No. 42 ¶ 40. Ms. Adams also maintains that she has incurred actual damages in the form of "filing fees and reasonable and necessary attorney fees." *Id.*

But, as U.S. Bank points out, Ms. Adams's alleged breach of contract damages are more properly characterized as a threat of damages rather than actual damages suffered. No foreclosure sale has occurred that would actually deprive Ms. Adams of

the property rights she alleges are threatened.

And, although filing and attorney fees may be awarded to a successful plaintiff, *see* TEX. CIV. PRAC. & REM. CODE §§ 37.007, 38.001(8), they do not constitute actual damages sufficient to sustain a breach of contract claim. *See Vianet Grp. PLC v. Tap Acquisition*, 2016 WL 4368302, at *9 (concluding that the Supreme Court of Texas would not characterize attorneys' fees as damages "if they were subsequently incurred prosecuting a breach of contract claim").

Because Ms. Adams pleads no facts disputing that she was in prior material breach and establishing her damages, the undersigned concludes that Ms. Adams's breach of contract claim against U.S. Bank should be dismissed – because it is not yet clear that she has pleaded her best case – without prejudice.

III.  Ms. Adams's TDCA claim under Section 392.301(a)(8) should be dismissed because Ms. Adams has alleged insufficient facts to show U.S. Bank was <u>prohibited by law from foreclosing on the Property.</u>

Ms. Adams claims that U.S. Bank violated Texas Finance Code § 392.301(a)(8) by attempting to foreclose before U.S. Bank gave the notices required by the Texas Property Code.

U.S. Bank maintains that Ms. Adams's Section 392.301(a)(8) claim should be dismissed because U.S. Bank was not prohibited from foreclosing on the Property after Ms. Adams defaulted on the Loan.

The undersigned concludes that, because Ms. Adams defaulted on the Loan, Section 392.301(a)(8) does not prohibit U.S. Bank from exercising its rights under the Deed of Trust and pursuing foreclosure.

Section 392.301(a)(8) of the TDCA prohibits a debt collector from using "threats, coercion, or attempts to coerce" that involve "threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). And "foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage." *Wildy v. Wells Fargo Bank, N.A.*, No. 3:12-cv-01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012); *see also Burr v. JPMorgan Chase Bank, N.A.*, No.4:11-cv-3519, 2012 WL 1059043, at *7 (S.D. Tex. Mar. 28, 2012) (holding that the plaintiffs failed to Section 392.301(a)(8) claim because "foreclosure on [their] home after [they] admittedly defaulted on their mortgage loan [was] not an action prohibited by law").

Here, Ms. Adams does not dispute that she defaulted on the Loan. Ms. Adams states in her Amended Complaint that "Defendants gave no notice of default and opportunity to cure, prior to acceleration," Dkt. No. 42 ¶ 18, seeks an injunction preventing U.S. Bank from selling the Property in the future, and filed no response to U.S. Bank's Motion to Dismiss contesting her default.

And, even if Ms. Adams did plead sufficient facts to establish U.S. Bank was prohibited by law from foreclosing, she has failed to adequately plead that she suffered actual damages.

The TDCA provides that a plaintiff "may sue for: (1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." TEX. FIN. CODE § 392.403. To maintain an action under the TDCA, a plaintiff must plead actual damages. *See McCartney v. CitiFinancial Auto Credit, Inc.*, No. 4:10-cv-424, 2010 WL 5834802, at *6 (E.D. Tex. Dec. 14, 2010) (citing

-15-

*Naranjo v. Univ. Surety of Am.*, 679 F. Supp. 2d 787, 801-802 (S.D. Tex.2010) ("Texas courts have stated that a plaintiff who cannot prove actual damages cannot 'successfully maintain an action under the [TDCA]'" (citations omitted))).

Here, Ms. Adams states that she seeks statutory damages under Section 392.403(e), which are awarded to "a person who successfully maintains an action ... for violation of Section 392.101, 392.202, or 392.301(a)(3)," Tᴇx Fɪɴ. Cᴏᴅᴇ § 392.403, and "her actual damages, including under Tᴇx. Fɪɴ. Cᴏᴅᴇ § 392.403(a)(2), and for her reasonable and necessary attorney's fees and costs of court," Dkt. No. 42 ¶ 28.

But Ms. Adams does not allege that U.S. Bank violated any of the TDCA provisions for which Texas Finance Code § 392.403(e) awards statutory damages. And, as to her claim for actual damages, Ms. Adams fails to plead any facts indicating what those actual damages are, especially since the obvious source of potential TDCA damages – foreclosure – is absent here. Ms. Adams has stated no facts to establish her TDCA damages.

Because Ms. Adams has not pleaded facts indicating that she suffered actual damages and that she did not default or that U.S. Bank was prohibited from pursuing foreclosure under the Deed of Trust, the undersigned concludes that Ms. Adams has not pleaded facts to state a claim under Section 392.301(a)(8), which – because it is not yet clear that she has pleaded her best case – should be dismissed without prejudice.

IV.   Ms. Adams's TDCA claim under Section 392.304(a)(8) should be dismissed because Ms. Adams has not sufficiently alleged that she suffered actual damages or that U.S. Bank caused Ms. Adams to be unaware that she owed on <u>the Loan, of her debt amount, or that she had defaulted.</u>

Ms. Adams alleges that U.S. Bank violated Texas Finance Code § 392.304(a)(8) because (1) "a person or persons employed by USBank was purportedly assigned to handle all matters related to any workout, forbearance, repayment arrangement or modification of the Loan, when such was not in fact the case," Dkt. No. 42 ¶ 25; (2) "USBank refused to recognize and abide by the terms of the Note and Deed of Trust," *id.* ¶ 26; and (3) "USBank demanded Plaintiff pay USBank one or more sums above the amounts provided by the Note and Deed of Trust," *id.* ¶ 27.

U.S. Bank argues that Ms. Adams's claim under Section 392.304(a)(8) fails because Ms. Adams has not sufficiently alleged that she suffered actual damages or that U.S. Bank caused her to be unaware that she owed a debt or of the amount of a debt or that she had defaulted.

The undersigned concludes that, because Ms. Adams has not pleaded facts to show that she suffered actual damages and that U.S. Bank misrepresented the Loan's existence, the Loan's amount, or Ms. Adams's default, Ms. Adams has failed to state a claim under Section 392.304(a)(8).

Section 392.304(a)(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304(a)(8). To state a claim under Section 392.304(a)(8), a plaintiff must show that the defendant "made a misrepresentation that led her to be unaware (1) that she had a mortgage debt, (2) of the specific amount she owed, or (3) that she had defaulted." *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 832 (5th Cir. 2015) (citing *Miller v. BAC Home Loans Servicing,*

*L.P.*, 726 F.3d 717, 723 (5th Cir.2013)).

Here, Ms. Adams states that U.S. Bank "misrepresented the status of a debt" in violation of Section 392.304(a)(8) but does not allege that U.S. Bank made misrepresentations that caused her to be unaware (1) that she owed on the Loan, (2) of the specific amount she owed, or (3) that she had defaulted. *See id.*

And, even if Ms. Adams did allege sufficient facts regarding U.S. Bank's misrepresentation of the loan character, extent, or amount, she has failed to properly plead the actual damages element of her Section 392.304(a)(8) claim as explained with respect to her Section 392.301(a)(8) claim above.

Because Ms. Adams has not alleged facts to show her actual damages and that U.S. Bank made misrepresentations to cause her to be unaware of the Loan or its amount or of her default, Ms. Adams has failed to state a claim against U.S. Bank under Section 392.304(a)(8), which – because it is not yet clear that she has pleaded her best case – should be dismissed without prejudice.

V.     Ms. Adams's TDCA claim under Section 392.304(a)(19) should be dismissed because Ms. Adams has not alleged that she suffered actual damages and that <u>U.S. Bank made an affirmative statement that was false or misleading.</u>

Ms. Adams alleges that U.S. Bank violated Texas Finance Code § 392.304(a)(19) for the same reasons that she alleges U.S. Bank violated Section 392.304(a)(8) – because (1) "a person or persons employed by USBank was purportedly assigned to handle all matters related to any workout, forbearance, repayment arrangement or modification of the Loan, when such was not in fact the case," Dkt. No. 42 ¶ 25; (2) "USBank refused to recognize and abide by the terms of the Note and Deed of Trust,"

*id.* ¶ 26; and (3) "USBank demanded Plaintiff pay USBank one or more sums above the amounts provided by the Note and Deed of Trust," *id.* ¶ 27.

U.S. Bank maintains that Ms. Adams's Section 392.304(a)(19) claim should be dismissed because Ms. Adams has not alleged that she suffered actual damages and that U.S. Bank made an affirmative representation that was false or misleading.

The undersigned agrees and concludes that Ms. Adams's Section 392.304(a)(19) claim against U.S. Bank should be dismissed.

Section 392.304(a)(19) is a catch-all provision that covers all false representations or deceptive means that a party might use to collect a debt or obtain information regarding a consumer. *See* TEX. FIN. CODE § 392.304(a)(19); *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-cv-2414-B, 2012 WL 555155, at *8 (N.D. Tex. Feb. 21, 2012). For a TDCA misrepresentation claim under Section 392.304(a)(19) to stand, a defendant must have made "an 'affirmative statement' that was false or misleading." *Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014) (citing *Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013)).

Here, Ms. Adams alleges no specific facts to show that U.S. Bank made an affirmative and false or misleading statement. Although Ms. Adams indicates that she believes, for reasons not stated in her Amended Complaint, that "someone was purportedly assigned" to handle her Loan processing but that "such was not in fact the case," she fails to allege that U.S. Bank made a false or misleading affirmative statement to Ms. Adams. And, similarly, U.S. Bank's alleged deviations, in one way or

another, from the Note and Deed of Trust do not constitute the affirmative statements required to state a Section 392.304(a)(19) claim.

And, as the undersigned explains above, Ms. Adams has not adequately pleaded the damages element of her TDCA claims.

Because Ms. Adams has made no factual allegations regarding her actual damages or that U.S. Bank made any affirmative statements that were false or misleading, her claim under Section 392.304(a)(19) should be dismissed, which – because it is not yet clear that she has pleaded her best case – should be dismissed without prejudice.

VI.    Ms. Adams's TDCA claim under Section 392.303(a)(2) should be dismissed because Ms. Adams has alleged no facts to show her actual damages, what unauthorized fee U.S. Bank attempted to charge, and how the fee was <u>unauthorized.</u>

Ms. Adams alleges that U.S. Bank violated Texas Finance Code § 392.303(a)(2) of the TDCA by "demand[ing] payment from Plaintiff of sums in excess of those permitted under the Note and Deed of Trust." Dkt. No. 42 ¶ 23.

U.S. Bank maintains that Ms. Adams has pleaded insufficient facts to state a Section 392.303(a)(2) claim because, in addition to failing to state her actual damages, Ms. Adams "fails to: (1) identify the fee that is the subject of such claim; (2) allege that such fee was not expressly authorized by the agreement creating the obligation; and (3) describe the unfair or unconscionable means by which such fee was collected or attempted to be collected." Dkt. No. 34 at 21 of 25.

The undersigned concludes that, because Ms. Adams alleges insufficient facts

to show her actual damages, as discussed above, and that U.S. Bank attempted to collect charges that were unauthorized by the Note or the Deed of Trust, Ms. Adams has failed to state a plausible claim to relief under Section 392.303(a)(2).

> Section 392.303(a)(2) prohibits a debt collector from using
>
> unfair or unconscionable means that employ ... collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

Tex. Fin. Code § 392.303(a)(2).

To state a claim under Section 392.303(a)(2), a plaintiff must make more than a general assertion of "wrongful charges" and must identify the unauthorized fees or penalties that a defendant imposed. *See Westinde v. JPMorgan Chase Bank, N.A.*, No. 3:13-cv-3576-O, 2014 WL 4631405, at *8 (N.D. Tex. Sept. 16, 2014) (granting a motion to dismiss a Section 392.303(a) claim where "Plaintiff fail[ed] to identify any fees or penalties incidental to his loan that Defendant imposed") (citing *Price v. U.S. Bank Nat'l Ass'n*, No. 3:13-cv-175-O, 2014 WL 803722, at *6 (N.D. Tex. Feb. 28 2014) ("Without any specific facts in support, [the plaintiff's] claim under § 392.303(a) (2) is subject to dismissal for failure to state a claim."); *Bircher v. Bank of N.Y. Mellon*, No. 4:12-cv-171-Y, 2012 WL 3245991, at * 3 (N.D. Tex. Aug. 9, 2012) (dismissing a Section 392.303(a)(2) claim where the "petition contain[ed] scant factual specificity regarding any misrepresented amounts"); *Swim v. Bank of Am., N.A.*, No. 3:11-cv-1240-M, 2012 WL 170758, at *6 (N.D. Tex. Jan. 20, 2012) (granting a motion to dismiss a Section 392.303(a)(2) claim where "Plaintiffs merely state a conclusory assertion that

Defendants imposed wrongful charges on Plaintiffs' mortgage account").

Here, Ms. Adams has failed to plead any specific facts to indicate what fee U.S. Bank charged her and why such a fee was unauthorized. Ms. Adams has failed to plead sufficient facts to state a claim under Section 392.303(a)(2), and her claim should be dismissed – because it is not yet clear that she has pleaded her best case – without prejudice.

VII.    Ms. Adams's request for declaratory and injunctive relief should be denied <u>because Ms. Adams has not stated an underlying substantive claim.</u>

Ms. Adams requests declaratory relief and injunctive relief voiding any substitute trustee's deed to the Property and restraining U.S. Bank from foreclosing on the Property.

U.S. Bank argues that Ms. Adams's request for declaratory and injunctive relief fails because Ms. Adams has failed to assert any viable causes of action against U.S. Bank.

Because the undersigned has concluded that Ms. Adams's substantive claims should be dismissed, Ms. Adams has not stated a claim for declaratory and injunctive relief.

A request for declaratory judgment depends upon a viable underlying cause of action. *See Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990) ("[I]t is the underlying cause of action ... that is actually litigated in a declaratory judgment action.").

And, similarly, where a Court dismisses all of a plaintiff's substantive claims,

as the undersigned recommends the Court do here, a plaintiff cannot maintain a claim for injunctive relief. *See Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

Because the undersigned has concluded that Ms. Adams failed to state a plausible claim to relief under the Property Code, under the TDCA, and for breach of contract, Ms. Adams's claims for declaratory and injunctive relief should also be dismissed without prejudice.

## Recommendation

For the reasons stated herein, the Court should grant Defendant U.S. Bank National Association's Motion to Dismiss [Dkt. No. 34] and dismiss Plaintiff Barbara Adams's claim against Defendant U.S. Bank National Association for violations of the Property Code with prejudice and her claims against Defendant U.S. Bank National Association for breach of contract, violations of the TDCA, and declaratory and injunctive relief without prejudice. The Court should grant Ms. Adams 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint consistent with this recommendation and the conclusions and findings above and should order that, if she fails to do so, all of her claims against Defendant U.S. Bank National Association will be dismissed with prejudice without further notice.

A copy of these findings , conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, expect upon gourds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415,1417 (5th Cir. 1996).

Dated: December 4, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE