IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA A. ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-723-B-BN |
| | § | |
| U.S. BANK, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 28.

Defendant Guild Mortgage Company ("Guild") has filed a Second Motion to Dismiss. *See* Dkt. No. 44.

Plaintiff Barbara Adams has filed a response, *see* Dkt. No. 47, and Guild has filed a reply, *see* Dkt. No. 49.

For the reasons and to the extent explained below, the Court should grant Defendant Guild Mortgage Company's Second Motion to Dismiss [Dkt. No. 44].

**Background**

On or about October 4, 2012, Ms. Adams purchased a home in Desoto, Texas (the "Property"). She signed a promissory note (the "Note") to finance the purchase. And she secured the Note through a Deed of Trust pledging her interest in the Property as

security (the "Deed of Trust").

Guild initially held the Note and Deed of Trust (collectively, the "Loan"). But Guild either assigned the Note and Deed of Trust to U.S. Bank or selected U.S. Bank as the mortgage servicer. *See* Dkt. No. 53 ¶ 39. Guild contends that it assigned the Loan to U.S. Bank on October 24, 2012.

Ms. Adams filed this lawsuit in state court against Guild and the other defendants on August 1, 2016 and served the corresponding citation on February 3, 2017.

Based on Ms. Adams's State Court Petition, Defendants U.S. Bank and Guild filed separate motions to dismiss. *See* Dkts. No. 5 & 34. In Guild's motion to dismiss, Guild contended that Ms. Adams had failed to state a claim for breach of fiduciary duty against Guild because (1) the claim was barred by the statute of limitations and (2) Ms. Adams had failed to allege facts in her State Court Petition establishing that Guild owed Ms. Adams a fiduciary duty. *See* Dkt. No. 5.

And, while U.S. Bank's motion to dismiss remained pending, the undersigned recommended in a Findings, Conclusions, and Recommendation dated September 1, 2017 that the Court grant Guild's motion because Ms. Adams had not pleaded facts establishing a fiduciary relationship between her and Guild. *See* Dkt. No. 37. The Court then accepted the undersigned's recommendation, dismissing Ms. Adams's claim against Guild but permitting Ms. Adams 21 days in which to replead her dismissed claim. *See* Dkt. No. 41.

On November 1, 2017, Ms. Adams filed her Amended Complaint repleading her

breach of fiduciary duty claim against Guild. *See* Dkt. No. 42. And, on November 15, 2017, Guild filed its Second Motion to Dismiss that is pending before the Court. *See* Dkt. No. 44.

Shortly after Ms. Adams filed her Amended Complaint and Guild moved to dismiss, the Court granted Defendant U.S. Bank's motion to dismiss, permitting Ms. Adams to file a Second Amended Complaint to replead certain claims against U.S. Bank. *See* Dkt. No. 50 (accepting the undersigned's Findings, Conclusions, and Recommendation dated December 4, 2017). And, on January 24, 2018, Ms. Adams filed her Second Amended Complaint. *See* Dkt. No. 53.

As the undersigned explained in an electronic order dated January 25, 2018, "[b]ecause Ms. Adams's allegations in the Second Amended Complaint ... against Defendant Guild Mortgage Company remain the same as in her First Amended Complaint ..., and because Guild's Second Motion to Dismiss ... is fully briefed as to those claims, the Court will treat Guild's Second Motion to Dismiss as directed to the Second Amended Complaint ..., as the now-live pleading...." Dkt. No. 54.

Ms. Adams's amended allegations against Guild are substantially the same as those contained in her State Court Petition. Ms. Adams's Second Amended Complaint contends that, "[a]s a mortgage originator, Guild had an ongoing fiduciary duty to Plaintiff to obtain a mortgage loan on the best price and terms possible, and Guild was well compensated for such service." Dkt. No. 53 ¶ 38. Ms. Adams alleges that Guild breached that ongoing fiduciary either by assigning the Loan to U.S. Bank or selecting U.S. Bank as the mortgage servicer because Guild had "knowledge of the pattern and

practice of [U.S. Bank's] disregard of applicable law in the servicing of mortgage loans and the regulatory actions taken against [U.S. Bank] in that regard, and should not have attempted to assign ownership and/or servicing of the Loan to [U.S. Bank], thereby jeopardizing Plaintiff's ownership and use of the Property." *Id.* ¶ 41.

And, as Guild argued previously, Guild now contends in its Second Motion to Dismiss that Ms. Adams's claim against Guild should be dismissed because Ms. Adams has again failed to establish that Guild owes her a fiduciary duty.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'"

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of*

*Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. June 25, 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial

notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion" – although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. Dec. 12, 2016). The Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Id.* (internal quotation marks and citations omitted).

District courts within the Fifth Circuit have divided as to whether a fair-notice standard continues to apply to pleading affirmative defenses or whether *Twombly* and *Iqbal*'s plausibility standard applies, and the "Fifth Circuit has not addressed this issue." *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 484 (S.D. Tex. 2012). But, whatever may be the standard for pleading an affirmative defense under Federal Rule of Civil Procedure 8(b), the *Twombly* and *Iqbal* plausibility standard applies to

-7-

pleading any "claim for relief" under Rule 8(a)'s requirements – whether as a plaintiff's claim or a defendant's counterclaim. *See* FED. R. CIV. P. 8(a); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1205 (3d ed. 2013) ("Rule 8(a) applies not only to an original claim contained in a complaint, but also to a pleading containing a claim for relief that takes the form of a counterclaim, cross-claim, or third-party claim."). *See generally Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576-77 (5th Cir. 1996) (affirming a Rule 12(b)(6) dismissal of a counterclaim).

## Analysis

I.  Ms. Adams's claim for breach of fiduciary duty should be dismissed for failure to state a claim.

The Court should grant Guild's Second Motion to Dismiss because Ms. Adams fails to state a claim for breach of fiduciary duty.

Ms. Adams alleges in her Second Amended Complaint that Guild breached its fiduciary duty by either assigning the Note and Deed of Trust to U.S. Bank or selecting U.S. Bank as its loan servicer even though Guild had "knowledge of the pattern and practice of [U.S. Bank's] disregard of applicable law in the servicing of mortgage loans and the regulatory actions taken against [U.S. Bank]" Dkt. No. 53 ¶ 41. Because of the similarity between Ms. Adams's allegations against Guild in her Second Amended Complaint and in her State Court Petition, the analysis here is largely the same as in the undersigned's September 1, 2017 Findings, Conclusions, and Recommendation, which recommended dismissal of Ms. Adams's State Court Petition claim against Guild for the same reason as here. *See* Dkt. No. 37 at 10.

In Texas, the elements for a claim of breach of fiduciary duty are: (1) a fiduciary relationship between Ms. Adams and Guild; (2) a breach by Guild of its fiduciary duty to Ms. Adams, and (3) an injury to Ms. Adams or a benefit to Guild as a result of the breach. *See Anderton v. Cawley*, 378 S.W.3d 38,51 (Tex. App. – Dallas 2012, no pet.).

Ms. Adams fails to state a claim against Guild in her Second Amended Complaint because she has failed to establish the first element – that she and Guild are in a fiduciary relationship. *Gergan v. Kelly*, 355 S.W.3d 223, 227 (Tex. App. – Houston [1st Dist.] 2011, no pet.).

Texas recognizes two types of fiduciary relationships. *See id*. "The first is a formal fiduciary relationship," such as "the relationship of an attorney-client, principal-agent, or trustee-beneficiary relationship." *Id*. The second is an informal fiduciary relationship – that is, a confidential relationship "where one person trusts and relies on another, whether the relation is a moral, social, domestic or purely personal one."*Id*. The Texas Supreme Court has recognized that "confidential relationships may arise not only from the technical fiduciary relationships such as attorney-client, trustee-cestui que trust, partner and partner, etc. – which as a matter of law are relationships of trust and confidence – but may arise informally from moral, social, domestic or purely personal relationships." *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962). "The existence of the fiduciary relationship is to be determined for the actualities of the relationship between the parties involved." *Id*.

Texas courts have consistently held that the mortgagor-mortgagee relationship

is not a special relationship that generally gives rise to a fiduciary duty. *See Lovell v. W. Nat. Life Ins. Co.,* 754 S.W.2d 298 (Tex. App. – Amarillo 1988, writ denied); *accord Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990) ("The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith.") (citing *English v. Fischer*, 660 S.W.2d 621, 622 (Tex. 1983)). The same is also true of a loan servicer and mortgagee. *See Williams v. Fed. Nat. Mortg. Ass'n*, No. 2:11-cv-157-J, 2012 WL 443986 at *3 (N.D. Tex. Feb. 13, 2012) (citing *Hinton v. Federal Nat. 7 Mortg. Ass'n*, 945 F. Supp. 1052, 1060 (S.D. Tex. 1996), *aff'd* 137 F.3d 1150 (5th Cir. 1998)). These courts reason that, "'[g]enerally, the relationship between a borrower and a lender [or loan servicer] is an arm's length business relationship in which both parties are looking out for their own interests.'" *Id.* (quoting *McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 36 (Tex. Civ. App. – Houston [14th Dist.] 2005, pet. denied).

As with Guild's previous motion to dismiss, Ms. Adams's response here appears to ask the Court to disregard the line of cases cited above in light of a case in which a "court found that it was reasonable for the trier of fact to find that a duty of good faith and fair dealing, and even a fiduciary relationship, between a loan broker and a loan borrower." *See* Dkt. No. 47 at 1 (referring to *Kelly v. Gaines*, 181 S.W.3d 394, 413-15 (Tex. Civ. App. – Waco 2005), *rev'd on other grounds*, 235 S.W.3d 179 (Tex. 2007)).

But Ms. Adams made – and the undersigned rejected – that argument in considering Guild's previous motion to dismiss. *See* Dkt. No. 37 at 11. As the

undersigned explained, *Kelly v. Gaines*, the case on which Ms. Adam relies, is distinguishable from this case. In *Kelly*, the court found that a jury could find that a fiduciary relationship between the parties existed in light of an agreement in which the defendant agreed to act as the plaintiff's agent in securing a loan. And, as the *Kelly* court explained, "[a] principal-agent relationship constitutes a fiduciary relationship as a matter of law." *Kelly*, 181 S.W.3d at 414 (citing cases). In contrast, a mortgage lender or servicer's relationship to a mortgagee is generally "'an arm's length business relationship.'" *Williams*, 2012 WL 443986 at *3 (quoting *McKinney Ltd.*, 192 S.W.3d at 36).

Courts have therefore only entertained the notion that a mortgage lender or service might owe a mortgagee a fiduciary duty where its relationship to the mortgagee was such that the mortgagee could reasonably expect the lender or service to act in his or her best interest. *See Gergan*, 355 S.W.3d at 228 (requiring proof that special relationship was created, therefore causing the plaintiff to be guided by the judgment or advice of another). "'[A] person is justified in placing confidence in the belief that another will act in his or her best interest only where he or she is accustomed to being guided by the judgment or advice of the other party, and there exists a long association in a business relationship as well as personal friendship.'" *Id.* (quoting *Hoggett v. Brown*, 971 S.W.2d 472, 488 (Tex. App. – Houston [14th Dist.] 1997, pet. denied)). The parties' special relationship must also have existed prior to and apart from the agreement in the suit. *See id.* at 229.

As in her State Court Petition, Ms. Adams alleges in her Second Amended Complaint that Guild breached a fiduciary duty to her by either assigning the Loan to U.S. Bank or selecting U.S. Bank as the mortgage service even though it knew of U.S. Bank's alleged issue with complying with the law. But Ms. Adams again fails to provide any explanation in her complaint or in her brief as to why she was "justified in believing that ... Guild had a fiduciary duty to [Ms. Adams] in the origination [and servicing] of the loan at issue" and that Guild would act in her best interest in the first place. Dkt. No. 47 at 1. Ms. Adams has not suggested that she had some long-standing relationship with Guild – separate from its relationship to the Property. *Compare Lee v. Hasson*, 286 S.W.3d 1, 15 (Tex. App. – Houston 2007, pet. denied) ("Hasson and Lee shared a long-standing business relationship and a close personal family relationship well beyond casual friendship" and "Lee relied on Hasson for moral, financial, and personal guidance or support. Moreover, their relationship began in 1993 and therefore predated their agreements by approximately six years."); *Flanary v. Mills*, 150 S.W.3d 785, 794 (Tex. App. – Austin 2004, pet. denied) (finding that a fiduciary relationship existed where the parties were related and had a long-standing working relationship).

Nor is there any other indication in her pleadings that Ms. Adams had some objective reason to believe that she would be justified in placing her confidence in Guild or its employees to act in her best interest. Ms. Adams's Second Amended Complaint, like her State Court Petition, suggests, at most, that Ms. Adams may have had some subjective, unspecified belief that she could trust Guild. But her "subjective trust and feelings of trust and confidence [are] not ... enough to create a fiduciary relationship."

-12-

*Gergan* 355 S.W.3d at 229.

Ms. Adams's claim for breach of fiduciary duty should be dismissed. And because the Court previously granted Ms. Adams an opportunity to replead her breach of fiduciary duty claim against Guild, the dismissal should be with prejudice.

## Recommendation

For the reasons stated herein, the Court should grant Defendant Guild Mortgage Company's Second Motion to Dismiss [Dkt. No. 44] and dismiss Plaintiff Barbara Adams's breach of fiduciary duty claim against Defendant Guild Mortgage Company with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, expect upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F. 3d 1415, 1417 (5th Cir. 1996).

Dated: March 6, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-14-