IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA A. ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-723-B-BN |
| | § | |
| U.S. BANK, N.A. and GUILD | § | |
| MORTGAGE CO., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 28.

Defendant U.S. Bank National Association ("U.S. Bank") has filed a Motion to Dismiss. *See* Dkt. No. 55. Plaintiff Barbara Adams filed a response, *see* Dkt. No. 58, and Defendant U.S. Bank filed a reply, *see* Dkt. No. 59.

For the reasons and to the extent explained below, the Court should grant Defendant U.S. Bank's Motion to Dismiss [Dkt. No. 55].

**Background**

The undersigned discussed much of the relevant background in the Findings, Conclusions, and Recommendation dated December 4, 2017, which recommended granting U.S. Bank's previous motion to dismiss, *see* Dkt. No. 46, and will repeat only the pertinent facts here.

On or about October 4, 2012, Ms. Adams purchased a home in Desoto, Texas (the "Property"). She signed a promissory note (the "Note") to finance the purchase. And she secured the Note through a Deed of Trust pledging her interest in the Property as security (the "Deed of Trust").

Guild Mortgage Company ("Guild") initially held the Note and Deed of Trust (collectively, the "Loan"). But Guild either assigned the Loan to U.S. Bank or selected U.S. Bank as the mortgage servicer.

Ms. Adams filed this lawsuit against U.S. Bank and other defendants on August 1, 2016, claiming that U.S. Bank violated the Texas Property Code (the "Property Code"), violated the Texas Debt Collection Act (the "TDCA"), and breached the Deed of Trust contract.

On August 3, 2017, U.S. Bank filed a motion to dismiss Ms. Adams's State Court Petition. *See* Dkt. No. 34. The undersigned recommended granting the motion, *see* Dkt. No. 46, and, on January 3, 2018, the Court dismissed Ms. Adams's Property Code claims with prejudice but allowed Ms. Adams twenty-one days in which to replead her TDCA and breach of contract claims and requests for equitable relief, *see* Dkt. No. 50.

On January 24, 2018, Ms. Adams filed her Second Amended Complaint, which restates almost the exact claims against U.S. Bank under the TDCA and for breach of contract. *See* Dkt. No. 53.

Ms. Adams contends in her Second Amended Complaint that U.S. Bank violated the TDCA when it (1) threatened to foreclose despite, having violated the Property Code, being prohibited from doing so; (2) used deceptive practices and made

-2-

misrepresentations to Ms. Adams in servicing the Loan; (3) demanded payment from Ms. Adams over what the Loan permitted; and (4) wrongfully posted invalid notices of trustee sales.

Second, Ms. Adams maintains that U.S. Bank's alleged statutory violations above constitute a breach of the Deed of Trust contract.

On these bases – as well as the other allegations that she proffers against other defendants – Ms. Adams seeks injunctive relief to preclude the foreclosure sale of the Property, declaratory relief, monetary damages, and other forms of relief.

On January 26, 2018, U.S. Bank filed the Motion to Dismiss Ms. Adams's Second Amended Complaint (the "Second MTD") that is now before the Court. *See* Dkt. No. 55. In its Second MTD, U.S. Bank contends that all of Ms. Adams's claims against it should be dismissed for many of the same reasons advanced in U.S. Bank's previous motion to dismiss.

As to Ms. Adams's TDCA claims, U.S. Bank contends that Ms. Adams's Second Amended Complaint states insufficient facts to properly plead her claims and that Ms. Adams has not suffered any actual damages as required to state a claim under the TDCA.

U.S. Bank argues that Ms. Adams's breach of contract claim fails because Ms. Adams has not adequately pleaded that (1) Ms. Adams performed under the Deed of Trust; (2) U.S. Bank breached the Deed of Trust; and (3) Ms. Adams suffered damages caused by U.S. Bank's alleged breach.

And U.S. Bank asserts that, because Ms. Adams's underlying TDCA and breach

of contract claims fail, Ms. Adams cannot maintain her requests for declaratory and injunctive relief.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it

is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion.

*Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of

which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion" – although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. Dec. 12, 2016). The Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Id.* (internal quotation marks and citations omitted).

## Analysis

U.S. Bank argues that all of Ms. Adams's claims against it should be dismissed. For the reasons explained below, the undersigned concludes that Ms. Adams has failed to state a claim under the TDCA, for breach of contract, and for declaratory and injunctive relief and that Ms. Adams's claims against U.S. Bank should be dismissed. The undersigned will address U.S. Bank's arguments in turn and, in doing so, because U.S. Bank attached the Deed of Trust to its Second MTD and the Deed of Trust is central to Ms. Adams's claims, will consider the Deed of Trust as part of the pleadings. *See* Dkt. No. 56-1.

I.    <u>Ms. Adams's breach of contract claim should be dismissed.</u>

Ms. Adams does not adequately plead the damages element of her breach of contract claim.

In her Second Amended Complaint, Ms. Adams alleges that U.S. Bank breached the Deed of Trust because, by allegedly failing to give proper foreclosure notice under the Property Code, U.S. Bank breached the express terms of the Deed of Trust contract. The undersigned previously considered Ms. Adams's nearly identical breach of contract claim pleaded in her State Court Petition, *see* Dkt. No. 46, and repeats the pertinent analysis here.

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003); *accord Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012).

U.S. Bank maintains that Ms. Adams has not pleaded facts to satisfy the performance, breach, and damages elements of her breach of contract claim.

First, U.S. Bank argues that, because Ms. Adams defaulted on the Loan, she cannot establish the performance element of her breach of contract claim. But, in the time that has passed since the undersigned considered U.S. Bank's previous motion to dismiss in which U.S. Bank made an identical argument, the Fifth Circuit has held that a borrower's obligation to make monthly payments is independent of a lender's obligations in the event of default. *See Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 245 (5th Cir. 2018) (reasoning that "[i]f performance of the terms of a deed of trust governing the parties' rights and obligations in the event of default can always be

excused by pointing to the debtor's default under the terms of the note, the notice terms have no meaning"). And, because, here, Ms. Adams alleges that U.S. Bank violated the Deed of Trust by failing to uphold its post-default notice obligations under the Deed of Trust, *see* Dkt. No. 53 at 9-10 of 17, Ms. Adams's defaulting on the Loan, alone, does not preclude her breach of contract claim.

Second, U.S. Bank argues that Ms. Adams cannot establish the breach element of her claim because neither the Deed of Trust nor Texas law requires Ms. Adams to receive any notices for such notices to be effective.

According to Ms. Adams's Second Amended Complaint, "Defendant [U.S. Bank], by violating the Texas Property Code, breached the express terms of the Deed of Trust contract, which contract requires compliance with all applicable law." Dkt. No. 53 at ¶ 31; *see also* Dkt. No. 56-1 at ¶ 18 ("Lender shall mail a copy of the notice to Borrower in the manner prescribed by applicable law.").

The Texas Property Code requires that

notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:

(1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;

(2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and

(3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

TEX. PROP. CODE § 51.002(b). "Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e). "There is no requirement that [the debtor] receive[s] the notice." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

Ms. Adams has adequately alleged that U.S. Bank violated the Texas Property Code and the Deed of Trust by not sending the requisite foreclosure sale notices. Although U.S. Bank argues that Ms. Adams's "allegations that notice of default was not given is based entirely on her allegations that she did not receive such notice," Dkt. No. 55 at 14 of 29, in considering U.S. Bank's Second MTD, the Court must view the allegations in Ms. Adams's Second Amended Complaint in a light most favorable to Ms. Adams. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205-06. And Ms. Adams clearly alleges that "notices were not properly given to comply with applicable Texas law and with the Deed of Trust," Dkt. No. 53 at ¶ 32; that "[U.S. Bank] failed to give notice before giving notice of acceleration and substitute trustee's sale ... to comply with the Texas Property Code," *id.* at ¶ 33; and that, "[d]ue to the failure of [U.S. Bank] to give, in a timely and proper manner, the notice of default and opportunity to cure required by Texas Property Code §51.002(d), [U.S. Bank] therefore acted in breach of the contract of the parties," *id.* at ¶ 34.

Even assuming that Ms. Adams's allegations that U.S. Bank did not send the requisite notices of foreclosure are based on her not receiving such notice, an "allegation of non-receipt raises an inference that [a defendant] failed to send notice

-10-

of the foreclosure sale in compliance with the Texas Property Code," *Braley v. Homes Loans Servicing, L.P.*, No. 3:10-cv-2105-O, 2011 WL 13233558, at *5 (N.D. Tex. July 8, 2011), especially here, where the Court has no documents before it indicating that U.S. Bank sent the requisite notice, *cf. Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (affirming the district court's grant of the defendant's motion to dismiss where the plaintiff alleged merely that the debtors did not actually receive notice and "attached and incorporated by reference an Affidavit of Notice to Debtors stating that the Notice of Trustee's Sale was served on the [debtors] by certified mail"); *Warren v. Bank of Am., N.A.*, No. 3:13-cv-1135-M, 2013 WL 8177096, at *7 (N.D. Tex. Nov. 15, 2013) (granting a motion to dismiss where the plaintiff alleged that he did not receive notice of the foreclosure sale but defendants submitted documents – considered part of the pleadings – indicating that "the substitute trustee sent a 'notice of substitute trustee sale' on Defendant's behalf to Plaintiff's counsel ... and to Plaintiff ... via certified mail, return receipt requested"), and where Ms. Adams has alleged more than just non-receipt, *cf. Wheeler v. JPMorgan Chase Bank, Nat. Ass'n*, No. 4:13-cv-364, 2013 WL 3965304, at *4 (S.D. Tex. Aug. 1, 2013) (granting a motion to dismiss where the plaintiff claimed that he received notice only fourteen days prior to the scheduled date of foreclosure but "failed to allege that [the defendant] did not send the notice in a timely manner"); *Gillespie v. BAC Home Loans Servicing, LP*, No. 4:11-cv-388-A, 2012 WL 1870923, at *5 (N.D. Tex. May 23, 2012) (granting a motion to dismiss where "the only statement alleged by plaintiffs ... [was]: 'At no time

-11-

did either Plaintiff receive a notice of default'").

Third, U.S. Bank argues that Ms. Adams has failed to sufficiently allege that she suffered recoverable damages.

Ms. Adams alleges that, as a result of U.S. Bank's breach, "Plaintiff has incurred actual damages by losing income from having to initially represent herself *pro se* against [U.S. Bank] in prior litigation, and in both instances having title to, possession, use and enjoyment of her Property jeopardized." Dkt. No. 53 at ¶ 35. Ms. Adams also maintains that she has incurred actual damages in the form of "filing fees, bonding costs, and reasonable and necessary attorney fees" associated with the current law suit. *Id.*

Under Texas Law, time lost from work because of the pendency of a lawsuit is an expense of litigation and does not constitute actual damages. *See Phillips v. Latham*, 523 S.W. 2d 19 at 27 (Tex. App. – Dallas 1975, no pet.) (holding that "loss of earnings in the past" are not recoverable as actual damages where "the only time lost from work by either of the plaintiffs ... was time lost because of the pendency of the lawsuit"); *see also Craddock v. Goodwin*, 54 Tex. 578, 583 (1881) ("Whatever difficulty there may be in determining what circumstances may or may not be considered in assessing the damages to which the plaintiffs may be entitled ... there can be none in holding that expenses in attending court, and loss of time in prosecuting their own suit for its recovery, cannot in this state be submitted to the jury as proof of actual injury."); *Eberts v. Businesspeople Personnel Servs., Inc.*, 620 S.W.2d 861, 863 (Tex. App – Dallas 1981, no writ) ("Expenses of litigation are not recoverable as damages unless expressly

-12-

provided by statute or contract. This rule applies to a litigant's loss of time." (citations omitted)). *See generally Shore Chan Bragalone Depumpo LLP v. Greenwich Ins. Co.*, 904 F. Supp. 2d 592, 600 (N.D. Tex. 2012) (discussing whether, under Texas law, a plaintiff's time and profits lost by prosecuting a suit or defending against litigation constitute actual or consequential damages). Ms. Adams's lost income from representing herself in prior litigation against U.S. Bank does not constitute actual damages that can sustain her breach of contract claim here.

As to Ms. Adams's second alleged source of damages, Ms Adams argues that she "could be damaged, and was damaged, by the wrongfully threatened conduct of [U.S. Bank]." But, as the undersigned discussed in considering U.S. Bank's previous motion to dismiss, *see* Dkt. No. 46 at 13-14 of 24, no foreclosure sale has occurred that would actually deprive Ms. Adams of the property rights she alleges are threatened, *see De La Mora v. CitiMortgage, Inc.*, No. 7:14-cv-468, 2015 WL 12803712, at *2 (S.D. Tex. Jan 26, 2015) ("Plaintiff cannot show damages resulting from any such breach because no foreclosure sale has occurred.").

But Ms. Adams appears to contend in her response to U.S. Bank's Second MTD that her breach of contract claim against U.S. Bank can survive despite no foreclosure having occurred, and she points to the Fifth Circuit's decision in *McCaig v. Wells Fargo*, 788 F.3d 463, 478 (5th Cir. 2015), for support. But, to the extent that Ms. Adams argues that U.S. Bank's "jeopardizing ... [Ms.] Adams['s] retention of her home" constitutes "sufficient damages that the *McCaig* court recognized," *see* Dkt. No. 58 at 5 of 7, the undersigned disagrees. In the part of the *McCaig* opinion to which Ms.

-13-

Adams cites, the Fifth Circuit held that a mortgagor may prevail on a TDCA claim under Texas Finance Code § 392.301(a)(8), which prohibits a note holder from threatening to foreclose without a right to do so, despite no foreclosure having yet occurred. *See* 788 F.3d at 478. But *McCaig* does not stand for the proposition that threatening foreclosure – by itself – suffices as actual damages to sustain a TDCA or breach of contract claim. Indeed, unlike Ms. Adams here, the *McCaig* plaintiffs claimed and proved at trial that they had suffered actual damages – mental anguish – as a result of the noteholder's improper threats to foreclose. *See id.* at 473 ("Here, the McCaigs alleged (and proved) mental anguish caused by Wells Fargo's TDCA violations. They therefore had standing to bring their claims.")

And, although Ms. Adams's claimed filing, bonding, and attorney's fees may be awarded to a successful plaintiff, *see* TEX. CIV. PRAC. & REM. CODE §§ 37.009, 38.001(8), they do not constitute actual damages sufficient to sustain a breach of contract claim, *see Vianet Grp. PLC v. Tap Acquisition*, No. 3:14-cv-3601-B, 2016 WL 4368302, at *9 (N.D. Tex. Aug. 16, 2016) (concluding that the Supreme Court of Texas would not characterize attorney's fees as damages "if they were subsequently incurred prosecuting a breach of contract claim").

Because Ms. Adams has not pleaded any facts that would allow the Court to conclude that she suffered damages as a result of U.S. Bank's alleged breach of the Deed of Trust, the undersigned concludes that the Court should dismiss Ms. Adams's breach of contract claim against U.S. Bank. And, because Ms. Adams already has had an opportunity to replead her breach of contract claim, the Court should dismiss this

claim with prejudice.

II.    <u>Ms. Adams's TDCA claim under Section 392.301(a)(8) should be dismissed.</u>

Ms. Adams has not alleged sufficient facts in support of her TDCA claim under Texas Finance Code § 392.301(a)(8) to show that, by failing to adhere to statutory notice requirements, U.S. Bank was prohibited from exercising its rights under the Deed of Trust and pursuing foreclosure.

Ms. Adams claims that U.S. Bank violated Section 392.301(a)(8) by failing to give notice of default and opportunity to cure, as required under the Texas Property Code, before issuing notices of foreclosure sales and threatening to sell the Property.

U.S. Bank maintains that Ms. Adams's Section 392.301(a)(8) claim should be dismissed because the Deed of Trust did not prohibit U.S. Bank from foreclosing on the Property after Ms. Adams defaulted on the Loan.

Section 392.301(a)(8) of the TDCA prohibits a debt collector from using "threats, coercion, or attempts to coerce" that involve "threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). The Fifth Circuit has recognized circumstances in which a noteholder is prohibited from foreclosing despite a borrower's default. *See McCaig*, 788 F.3d at 478 (holding that a mortgagee violated Section 392.301(a)(8) by threatening to foreclose after waiving its contractual right to do so). But, in general, "foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage." *Wildy v. Wells Fargo Bank, N.A.*, No. 3:12-cv-1831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012); *see also Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) ("[In *McCaig*], we reasoned that the

mortgagee would not have violated that subsection if it had retained its contractual right to foreclose and the mortgage was in fact in default. Here, [the mortgagee] never waived its contractual right to foreclose, and [the mortgagor] was in default at all times after October 2007. Thus, irrespective of any statutory notice requirements, [the mortgagee] did not violate Section 392.301(a)(8) by threatening to foreclose.")

Ms. Adams does not dispute here that she defaulted on the Loan and was still in default when U.S. Bank issued its foreclosure sale notices. Accordingly, notwithstanding the Texas Property Code's notice requirements, U.S. Bank did not violate Section 392.301(a)(8) by threatening to foreclose. *See Rucker*, 806 F.3d at 831.

And, regardless, Ms. Adams has failed to adequately plead that she suffered actual damages as a result of U.S. Bank's alleged Section 392.301(a)(8) violation. The TDCA provides that a plaintiff "may sue for: (1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." TEX. FIN. CODE § 392.403. To maintain an action under the TDCA, a plaintiff must plead actual damages. *See McCartney v. CitiFinancial Auto Credit, Inc.*, No. 4:10-cv-424, 2010 WL 5834802, at *6 (E.D. Tex. Dec. 14, 2010) (citing *Naranjo v. Univ. Surety of Am.*, 679 F. Supp. 2d 787, 801-802 (S.D. Tex. 2010) ("Texas courts have stated that a plaintiff who cannot prove actual damages cannot 'successfully maintain an action under the [TDCA]'" (citations omitted))).

Ms. Adams seeks "her actual damages, including under TEX. FIN. CODE § 392.403(a)(2), and for her reasonable and necessary attorney's fees and costs of court," claiming that her actual damages include "lost income from her hours spent in

-16-

attempting to defend her interests *pro se* in prior litigation with [U.S. Bank]." Dkt. No. 53 at ¶ 28. But, as discussed above, no foreclosure has occurred, and neither Ms. Adams's lost income from time spent in prior litigation nor her court costs in bringing this action qualify as actual damages.

Because Ms. Adams has not pleaded facts indicating that she suffered actual damages and that U.S. Bank was prohibited from pursuing foreclosure under the Deed of Trust, Ms. Adams has not pleaded facts to state a claim under Section 392.301(a)(8), which should be dismissed. And, because the Court already has granted Ms. Adams an opportunity to replead her claim, the Court should dismiss this claim with prejudice.

III.    <u>Ms. Adams's TDCA claim under Section 392.304(a)(8) should be dismissed.</u>

Ms. Adams fails to state a claim under Texas Finance Code § 392.304(a)(8) because she has not pleaded facts to show that she suffered actual damages and that U.S. Bank misrepresented the Loan's existence, the Loan's amount, or Ms. Adams's default.

Ms. Adams alleges that U.S. Bank violated Section 392.304(a)(8) because (1) "a person or persons employed by [U.S. Bank], namely Yvonne Gordon, was purportedly assigned to handle all matters related to any workout, forbearance, repayment arrangement or modification of the Loan, when such was not in fact the case," Dkt. No. 53 at ¶ 24; (2) U.S. Bank "deceptively advised Plaintiff that information regarding reinstatement, payoff and collection costs would also be addressed by the law firm of McCarthy Holthus – Texas," *id.*; (3) "[U.S. Bank] refused to recognize and abide by the terms of the Note and Deed of Trust," *id.* at ¶ 25; (4) "[U.S. Bank] demanded Plaintiff

pay [U.S. Bank] one or more sums above the amounts provided by the Note and Deed of Trust," *id.* at ¶ 26; and (5) U.S. Bank "provided deceptive and misleading guidance to Plaintiff ... that there were multiple points of contact and sources of information regarding collection costs" and other associated costs, *id.*

U.S. Bank argues that Ms. Adams's claim under Section 392.304(a)(8) fails because Ms. Adams has not sufficiently alleged (1) that U.S. Bank caused Ms. Adams to be unaware that she owed a debt, of the amount of a debt, or that she had defaulted, and (2) that Ms. Adams suffered actual damages.

Section 392.304(a)(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304(a)(8). "To violate the TDCA using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015) (quoting *Verdin v. Fed. Nat. Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir.2013)). The character, extent, and amount of the debt categories listed in Section 392.304(a)(8) are "categories that do not encompass 'statements about loan-modification applications and the postponement of foreclosure.'" *Rabe v. Wells Fargo Bank, N.A.*, 616 F. App'x 729, 735 (5th Cir. 2015) (quoting *Thompson*, 783 F.3d at 1026). And, to state a claim under Section 392.304(a)(8), a plaintiff must show that the defendant "made a misrepresentation that led her to be unaware (1) that she had a mortgage debt, (2) of the specific amount she owed, or (3) that she had defaulted."

*Rucker*, 806 F.3d at 832 (citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)).

Ms. Adams alleges no specific facts to show that U.S. Bank made an affirmative statement that was false or misleading. Without explaining the basis for her belief, Ms. Adams indicates that "a person or persons employed by [U.S. Bank], namely Yvonne Gordon, was purportedly assigned to handle all matters related to any workout, forbearance, repayment arrangement or modification of the Loan, when such was not in fact the case." Dkt. No. 53 at ¶ 24. Ms. Adams similarly alleges that U.S. Bank "deceptively advised Plaintiff that information regarding reinstatement, payoff and collection costs would also be addressed by the law firm of McCarthy Holthus - Texas." *Id.* at ¶ 24. But Ms. Adams fails to describe the factual basis of her allegations – who told her what and when and why she concludes that the communication was false or misleading.

And Ms. Adams's bare allegations regarding U.S. Bank's deviations, in one way or another, from the Note and Deed of Trust do not adequately plead that U.S. Bank made an affirmative statement to state a Section 392.304(a)(8) claim. *See Thompson*, 783 F.3d at 1026 ("To violate the TDCA using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading.").

Even if the Court could infer that U.S. Bank, at a minimum, made an affirmative statement to Ms. Adams, Ms. Adams does not plead that U.S. Bank caused her to be unaware that she owed on the Loan, of the specific amount she owed, or that she had defaulted. *See Rucker*, 806 F.3d at 832. Moreover, at least some of Ms. Adams's

allegations relate to the modification of her Loan, and statements regarding loan modifications cannot form the basis of a Section 392.304(a)(8) claim. *See Thompson*, 783 F.3d at 1026.

And, even if Ms. Adams had alleged sufficient facts regarding U.S. Bank's misrepresentation of the Loan's character, extent, or amount, Ms. Adams has failed to properly plead the actual damages element of her Section 392.304(a)(8) claim as explained above.

Because Ms. Adams has not alleged facts to show her actual damages and that U.S. Bank made misrepresentations to cause her to be unaware of the Loan, its amount, or of her default, Ms. Adams has failed to state a claim against U.S. Bank under Section 392.304(a)(8), which should be dismissed. And, because Ms. Adams already has had an opportunity to replead her claim, the Court should dismiss this claim with prejudice.

IV. Ms. Adams's TDCA claim under Section 392.304(a)(19) should be dismissed.

Ms. Adams has not alleged in support of her Texas Finance Code § 392.304(a)(19) claim that U.S. Bank made an affirmative statement that was false or misleading and has not sufficiently pleaded that she suffered actual damages.

Ms. Adams alleges that U.S. Bank violated Section 392.304(a)(19) for the same reasons that she alleges U.S. Bank violated Section 392.304(a)(8) – because (1) "a person or persons employed by [U.S. Bank], namely Yvonne Gordon, was purportedly assigned to handle all matters related to any workout, forbearance, repayment arrangement or modification of the Loan, when such was not in fact the case," Dkt. No.

53 at ¶ 24; (2) U.S. Bank "deceptively advised Plaintiff that information regarding reinstatement, payoff and collection costs would also be addressed by the law firm of McCarthy Holthus - Texas," *id.*; (3) "[U.S. Bank] refused to recognize and abide by the terms of the Note and Deed of Trust," *id.* at ¶ 25; (4) "[U.S. Bank] demanded Plaintiff pay [U.S. Bank] one or more sums above the amounts provided by the Note and Deed of Trust," *id.* at ¶ 26; and (5) U.S. Bank "provided deceptive and misleading guidance to Plaintiff . . . that there were multiple points of contact and sources of information regarding collection costs" and other associated costs, *id.*

U.S. Bank maintains that Ms. Adams's Section 392.304(a)(19) claim should be dismissed because Ms. Adams has not alleged (1) that U.S. Bank made an affirmative representation that was false or misleading and (2) that she suffered actual damages.

Section 392.304(a)(19) is a catch-all provision that covers all false representations or deceptive means that a party might use "to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE § 392.304(a)(19); *see also Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-cv-2414-B, 2012 WL 555155, at *8 (N.D. Tex. Feb. 21, 2012). "[T]errible customer service is not automatically the equivalent of 'deceptive means,'" and, for a TDCA misrepresentation claim under Section 392.304(a)(19) to stand, a defendant must have made "an 'affirmative statement' that was false or misleading." *Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014) (citing *Verdin*, 540 F. App'x at 257).

As explained as to Ms. Adams's Section 392.304(a)(8) claim, Ms. Adams alleges

no specific facts to show that U.S. Bank made an affirmative statement that was false or misleading.

And, as with Ms. Adams's Section 392.304(a)(8) claim, even if the Court could infer that U.S. Bank made an affirmative statement to Ms. Adams, whatever discussions U.S. Bank had with Ms. Adams regarding "matters related to any workout, forbearance, repayment arrangement or modification of the Loan," Dkt. No. 53 at ¶ 24, are outside Section 392.304(a)(19)'s purview, *see Rabe*, 616 F. App'x at 734 ("Communications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its modification and ... do not state a claim under Section 392.304(a)(19)....").

Even assuming that U.S. Bank or its agents made affirmative, false or misleading statements to Ms. Adams concerning what resources and sources of information regarding payoff and collection cost were available to her, Ms. Adams fails to allege that U.S. Bank made any such statements in order to collect on the Loan or obtain information about Ms. Adams. *Cf. Singha v. BAC Home Loans Servicing, L.P.*, 564 F. App'x 65, 71 (5th Cir. 2014) (affirming dismissal of the plaintiffs' Section 392.304(a)(19) claim because "[w]hat the [plaintiffs] have failed to allege is any basis on which to decide that their ... discussions were debt collection activities for TDCA purposes").

But, even if Ms. Adams had adequately pleaded the misrepresentation element of her Section 392.304(a)(19) claim, Ms. Adams has not adequately pleaded the damages element of her TDCA claims, as discussed above.

Because Ms. Adams has not adequately pleaded her actual damages or that U.S. Bank made any affirmative statements that were false or misleading, her claim under Section 392.304(a)(19) should be dismissed. And, because Ms. Adams already has had an opportunity to replead her claim, the Court should dismiss this claim with prejudice.

V.    <u>Ms. Adams's TDCA claim under Section 392.303(a)(2) should be dismissed.</u>

Ms. Adams has failed to state a claim under Texas Finance Code § 392.303(a)(2) because she alleges insufficient facts to show her actual damages and that U.S. Bank attempted to collect charges that were not authorized by the Note or the Deed of Trust.

In her Second Amended Complaint, Ms. Adams alleges that

> [U.S. Bank] collected or attempted to collect from Plaintiff interest or a charge, fee, or expense incidental to the Note when such interest or charge, fee or expense was not expressly authorized by the Deed of Trust and/or Note and legally chargeable to the Plaintiff, in that [U.S. Bank] has demanded payment from Plaintiff of sums in excess of those permitted under the Note and Deed of Trust, by demanding from Plaintiff expenses claimed to have been incurred in connection with the improperly threatened trustee sales (without the proper predicate notice of default and opportunity to cure having been earlier given).

Dkt. No. 53 at ¶ 22.

Section 392.303(a)(2) prohibits a debt collector from using

> unfair or unconscionable means that employ ... collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

TEX. FIN. CODE § 392.303(a)(2).

To state a claim under Section 392.303(a)(2), a plaintiff must make more than

a general assertion of "wrongful charges" and must identify the unauthorized fees or penalties that a defendant imposed. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 240 (5th Cir. 2014) (holding that a "claim general assertion of 'wrongful charges' is insufficient to state a claim under Section 392.303(a)(2)"); *Westinde v. JPMorgan Chase Bank, N.A.*, No. 3:13-cv-3576-O, 2014 WL 4631405, at *8 (N.D. Tex. Sept. 16, 2014) (granting a motion to dismiss a Section 392.303(a) claim where "Plaintiff fail[ed] to identify any fees or penalties incidental to his loan that Defendant imposed") (citing *Price v. U.S. Bank Nat'l Ass'n*, No. 3:13-cv-175-O, 2014 WL 803722, at *6 (N.D. Tex. Feb. 28 2014) ("Without any specific facts in support, [the plaintiff's] claim under § 392.303(a) (2) is subject to dismissal for failure to state a claim."); *Bircher v. Bank of N.Y. Mellon*, No. 4:12-cv-171-Y, 2012 WL 3245991, at *3 (N.D. Tex. Aug. 9, 2012) (dismissing a Section 392.303(a)(2) claim where the "petition contain[ed] scant factual specificity regarding any misrepresented amounts"); *Swim v. Bank of Am., N.A.*, No. 3:11-cv-1240-M, 2012 WL 170758, at *6 (N.D. Tex. Jan. 20, 2012) (granting a motion to dismiss a Section 392.303(a)(2) claim where "Plaintiffs merely state a conclusory assertion that Defendants imposed wrongful charges on Plaintiffs' mortgage account")).

Ms. Adams has failed to allege facts showing that U.S. Bank attempted to collect charges that are not authorized by the Note or Deed of Trust. Ms. Adams' response to U.S. Bank's Second MTD – consistent with the allegations in her Second Amended Complaint, quoted above – asserts that the disputed charges were "for the expenses

-24-

associated with [U.S. Bank's] wrongfully issued trustee sale notices and the accompanying acceleration notices" and that they were wrongful because "there had been no mandatory, unavoidably necessary notice of default and opportunity to cure." Dkt. No. 58 at 5 of 7. But, in her Second Amended Complaint, Ms. Adams does not identify what amount U.S. Bank attempted to collect. And Ms. Adams merely concludes – without pointing to the terms of the Note or Deed of Trust – that the foreclosure sale charges that U.S. Bank imposed were wrongful simply because Ms. Adams also alleges that the foreclosure sale procedure was flawed.

Further, the Deed of Trust authorizes U.S. Bank to charge Ms. Adams for fees incurred in connection with Ms. Adams's default and U.S. Bank's pursuing foreclosure under the Deed of Trust. *See* Dkt. No. 56-1 at 7 of 15 ("Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 18...."). Ms. Adams does not dispute that she failed to make her required payments on the Loan and that her failure constituted a default. Nor does Ms. Adams allege that U.S. Bank was prohibited under the Note or Deed of Trust from charging such fees in the event of a default. Because the Deed of Trust authorizes U.S. Bank to charge Ms. Adams for expenses related to pursuing remedies related to Ms. Adams's admitted default on the Loan, Ms. Adams's Section 392.303(a)(2) claim fails. *See Verdin*, 540 F. App'x at 257 (holding that the plaintiff's Section 392.303(a)(2) claim failed because the loan agreement expressly authorized the bank to demand fees and charges in the event of default); *Westinde*, 2014 WL 4631405, at *8 (granting the defendant's motion to dismiss the plaintiff's Section 392.303(a)(2) claim where the note and deed of trust

authorized defendant to charge fees and loan charges relating to the plaintiff's default and the defendant's pursuit of remedies); *Carrington v. Bank of Am., N.A.*, No. H-12-1542, 2013 WL 265946, at *11 (S.D. Tex. Jan.17, 2013) (concluding that the plaintiffs failed to state a claim under Section 392.303(a)(2) because the deed of trust specifically allowed the defendant to impose the late charges at issue).

Because Ms. Adams has not pleaded sufficient facts to show that U.S. Bank attempted to collect charges that were not authorized by the Note or the Deed of Trust, Ms. Adams has failed to state a Section 392.303(a)(2) claim. And, because the Court already has granted Ms. Adams an opportunity to replead, the Court should dismiss this claim with prejudice.

VI.    <u>Ms. Adams's TDCA claim under Section 392.403(e) should be dismissed.</u>

Ms. Adams's Texas Finance Code § 392.403(e) claim for statutory damages should be dismissed because Ms. Adams has pleaded insufficient facts to state a claim under Texas Finance Code § 392.301(a)(3).

Ms. Adams seeks statutory damages under Section 392.403(e) based on U.S. Bank's alleged violation of Section 392.301(a)(3). *See* Dkt. No. 53 at ¶ 27.

Section 392.301(a) prohibits a debt collector from using "threats coercion, or attempts to coerce that employ ... representing or threatening to represent to any person other than the consumer that a consumer is wilfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute." TEX. FIN. CODE § 392.301(a)(3). "Section 392.301(a)(3) requires representations that the subject debt is *nondisputed* and that

the consumer's refusal to pay is *willful*." *McCaig*, 788 F.3d at 485 (emphasis in original).

And Section 392.403(e) provides recovery for a plaintiff "who successfully maintains an action ... for violation of Section ... 392.301(a)." TEX. FIN. CODE § 392.403(e). "[T]he plain reading of subsection (e) imposes as a prerequisite to the statutory damages the successful maintenance of a suit." *Marauder Corp. v. Beall*, 301 S.W.3d 817, 822 (Tex. App. – Dallas 2009, no pet.).

U.S. Bank argues that Ms. Adams's Section 392.301(a)(3) claim fails because Ms. Adams does not allege (1) "that she notified U.S. Bank in writing that the subject debt is in dispute" and (2) "that U.S. Bank notified any third party that Plaintiff willfully refused to pay a nondisputed consumer debt." Dkt. No. 55 at 27 of 29.

Ms. Adams's Second Amended Complaint explains that she

seeks from [U.S. Bank] all statutory damages including but not limited to those under TEX. FIN. CODE 392.301(a)(3) (since the representation that there were valid notices of trustee sales were made at least twice to the world at large by the posting of such notices) which are awardable to Plaintiff under each and every one of the herein cited statutes, including but not limited to TEX. FIN. CODE §392.403(e).

Other than these bare, conclusory allegations, Ms. Adams pleads no facts in her Second Amended Complaint to support her Section 392.301(a)(3) claim. *See Swannie v. Bank of N.Y., Mellon*, No. 4:11-cv-338-Y, 2012 WL 2942242, at *3 (N.D. Tex. July 19, 2012) (citing *Twombly*, 550 U.S. at 555, for the proposition "that a court need not credit bare conclusory allegations or 'a formulaic recitation of the elements of a cause of action'"); *Gillespie v. BAC Home Loans Servicing, LP*, No. 4:11-cv-388-A, 2012 WL

1870923, at *4 (N.D. Tex. May 23, 2012) (dismissing the plaintiffs' Section 392.301(a)(3) claim where they alleged merely that "BAC represented to third parties, through incorrect credit reporting, that the consumer ... was willfully refusing to pay a nondisputed consumer debt ... when the debt was in dispute").

Nowhere in her Second Amended Complaint – or even her response to U.S. Bank's Second MTD – does Ms. Adams allege that U.S. Bank's notices of trustee sales represented that Ms. Adams was willfully refusing to pay a nondisputed debt. *See McCaig*, 788 F.3d at 485. Nor does Ms. Adams allege that she had notified U.S. Bank of the dispute in writing. *See* TEX. FIN. CODE § 392.301(a)(3)

Because Ms. Adams pleads insufficient facts to support her Section 392.301(a)(3) claim, the undersigned concludes that Ms. Adams's claim for damages under Section 392.403(e) should be dismissed. And, because Ms. Adams already has had an opportunity to replead, the Court should dismiss this claim with prejudice.

VII.    Ms. Adams's request for declaratory and injunctive relief should be dismissed.

Because Ms. Adams's substantive claims should be dismissed, Ms. Adams has not stated a claim for declaratory and injunctive relief.

She requests declaratory relief and injunctive relief voiding any substitute trustee's deed to the Property and restraining U.S. Bank from foreclosing on the Property.

U.S. Bank argues that Ms. Adams's request for declaratory and injunctive relief fails because Ms. Adams has failed to assert any viable causes of action against U.S. Bank.

"The [federal Declaratory Judgment Act] is a procedural device that creates no substantive rights.... [A] request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action." *Payne v. Wells Fargo Bank, N.A.*, No. 3:12-cv-5219-M BF, 2015 WL 1402321, at \*6 (N.D. Tex. Mar. 26, 2015) (internal quotations and citation omitted) (granting Wells Fargo's motion for summary judgment as to the plaintiff's request for declaratory relief where the Court had determined that summary judgment should be granted with respect to the plaintiff's underlying, substantive claims), *aff'd sub nom. Payne v. Wells Fargo Bank Nat. Ass'n*, 637 F. App'x 833 (5th Cir. 2016); *accord Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990) ("[I]t is the underlying cause of action ... that is actually litigated in a declaratory judgment action.").

Similarly, "[u]nder Texas law, a request for injunctive relief 'is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action.'" *Grace v. Everhome Mortg. Co.*, No. 3:13-cv-4563-B, 2015 WL 5146678, at \*6 (N.D. Tex. Sept. 2, 2015) (citing *Wildy v. Wells Fargo Bank, NA*, No. 3:12-cv-1831-BF, 2013 WL 246860, at \*6 (N.D. Tex. Jan.21, 2013); *Cooks v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at \*4 (N.D. Tex. July 12, 2010)). And, where a Court dismisses all of a plaintiff's substantive claims, as the undersigned recommends the Court do here, a plaintiff cannot maintain a claim for injunctive relief. *See Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

-29-

Because Ms. Adams fails to state a plausible claim to relief under the TDCA and for breach of contract, Ms. Adams's requests for declaratory and injunctive relief should also be dismissed. And, because Ms. Adams already has had an opportunity to replead her underlying claims and requests for declaratory and injunctive relief, the Court should dismiss these requests with prejudice.

## Recommendation

For the reasons explained above, the Court should grant Defendant U.S. Bank National Association's Motion to Dismiss [Dkt. No. 55] and dismiss Plaintiff Barbara Adams's claims against Defendant U.S. Bank National Association for breach of contract, violations of the TDCA, and declaratory and injunctive relief with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, expect upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F. 3d 1415,1417 (5th Cir. 1996).

    Date: April 18, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE